

ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

DEC 07 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NNAMDI M. UBANI | Criminal Indictment<br><br>No. 1:22CR-436 |

**UNDER SEAL**

THE GRAND JURY CHARGES THAT:

**Counts One and Two**
**(Wire Fraud)**

1. Beginning in or about August 2017 and continuing through in or about May 2018, in the Northern District of Georgia and elsewhere, the defendant, NNAMDI M. UBANI, aided and abetted by others unknown, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material fact, well knowing and having reason to know that said pretenses, representations, and promises were false and fraudulent when made and caused to be made and that said omissions were and would be material.

BACKGROUND

2. At all times relevant to this Indictment:

Supplemental Nutrition Assistance Program

3. The United States Department of Agriculture's (USDA) Supplemental Nutrition Assistance Program (SNAP) was established by the United States

Government to alleviate hunger and malnutrition among low and middle income families by increasing their food purchasing power and ability.

4. Each state's public assistance agency certifies individuals in need of food assistance. Benefits can be revoked when an individual participant breaks the program rules or no longer qualifies for SNAP benefits.

5. Individuals or families in need of SNAP benefits may apply for assistance through the state in which they live. In South Carolina, the Department of Social Services (DSS) administers the SNAP to its residents. Individuals applying to participate in the SNAP in South Carolina may apply online using the South Carolina Multi-Agency Partnership Portal (SCMAPP). Applicants must provide their name, social security number, and other biographical information. After submitting the online application, the applicant must call the DSS and participate in a telephonic interview. The DSS interviewer uses this opportunity to verify identity and income. DSS verifies the names and social security numbers through a state database that checks the names and social security numbers against other benefit programs and employment. If the information from the application returns with no results, the SNAP case is created. If eligible, a SNAP account is created and the amount of benefits to which the participant is entitled is sent to a third-party Electronic Benefits Transfer (EBT) card issuer, Conduent. Conduent issues the EBT card and mails the card to the address provided by the South Carolina DSS. The amount of SNAP benefits to which a program participant is entitled is electronically posted to the program participant's account on a monthly basis.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

6. As part of the scheme to defraud, Defendant UBANI electronically submitted and caused to be electronically submitted, from the Northern District of Georgia to DSS, applications for SNAP assistance. The online requests included the names, social security numbers, and other personal identifying information of unwitting individuals, without their knowledge or consent. The fraudulent applications caused transmissions of interstate wire communications.

7. Based on these fraudulent applications, DSS caused EBT debit cards to issue in the names of the persons listed on the applications. SNAP assistance payments were electronically deposited onto these EBT debit cards, which were mailed to various locations as requested.

8. The EBT cards were used at various locations in the Northern District of Georgia.

## EXECUTION OF THE SCHEME

9. On or about the dates below, in the Northern District of Georgia and elsewhere, the defendant, NNAMDI M. UBANI, aided and abetted by others unknown, for the purpose of executing the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, with intent to defraud, did cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, as described below:

| COUNT | DATE | WIRE TRANSACTION |
|---|---|---|
| One | February 20, 2018 | An application for SNAP assistance in the name of M.B. electronically submitted to DSS |
| Two | May 7, 2018 | An application for SNAP Assistance in the name of B.M. electronically submitted to DSS |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Counts Three and Four
### (Aggravated Identity Theft)

10. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 8 of this Indictment as if fully set forth herein.

11. On or about the dates below, in the Northern District of Georgia and elsewhere, the defendant, NNAMDI M. UBANI, aided and abetted by others unknown, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the name, date of birth, and social security number for each person identified below, during and in relation to committing the felony violation of wire fraud identified below:

| COUNT | DATE | RELATED COUNT | INDIVIDUAL VICTIM |
|---|---|---|---|
| Three | February 20, 2018 | Count One | M.B. |
| Four | May 7, 2018 | Count Two | B.M. |

All in violation of Title 18, United States Code, Section 1028A and Section 2.

4

## Count Five
### (Access Device Fraud)

12. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 8 of this Indictment as if fully set forth herein.

13. On or about June 1, 2018, in the Northern District of Georgia and elsewhere, the defendant, NNAMDI M. UBANI, aided and abetted others unknown, did knowingly and with intent to defraud possess at least fifteen unauthorized access devices, namely, social security numbers and South Carolina EBT cards, that could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and could be used to initiate a transfer of funds, and that were obtained with intent to defraud, said activity affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(3) and (c)(l)(A)(i) and Section 2.

### Forfeiture

14. Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, the defendant, NNAMDI M. UBANI, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds traceable to said violation(s), including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of this Indictment.

15. Upon conviction of the offense alleged in Count Five of this Indictment, the defendant, NNAMDI M. UBANI, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violation, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Five of this Indictment.

16. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c)

and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A  *True*  BILL

/s/ *[signature]*
FOREPERSON

RYAN K. BUCHANAN
  *United States Attorney*

*/s/ Tracia M. King*
TRACIA M. KING
  *Assistant United States Attorney*
Georgia Bar No. 421380

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181